UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOHN TURNER<br><br>Plaintiff, | ) | Civil No. 08-391-ART |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant, | ) | **MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

Plaintiff John Turner ("Turner") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying Turner's application for disability insurance benefits ("DIB"). For the reasons provided below, we REVERSE and REMAND the ALJ's decision.

## BACKGROUND

Turner filed applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on August 4, 2003. Transcript ("Tr.") 24. Administrative Law Judge ("ALJ") Roger Reynolds issued an unfavorable decision on September 28, 2005. Tr. 24–30. The Appeals Council denied Turner's request for review and he filed a civil action in federal district court. Tr. 709. On August 8, 2007, this Court remanded the case for further proceedings.[1] Tr. 729–740. The Appeals Council subsequently issued a remand order on October 23, 2007, vacating the prior decision and

[1] The District Court remanded the case because the Vocational Expert's ("VE") testimony was inconsistent with the Dictionary of Occupational Titles ("DOT") regarding sedentary jobs. Tr. 738–739. The court remanded the claim to determine whether a significant amount of jobs were available to Turner. Tr. 740.

remanding the case to a new ALJ. Tr. 709. On May 13, 2008, ALJ Frank Letchworth issued an unfavorable decision finding Turner was not disabled. Tr. 709–719. Turner appealed, but the Appeals Council found no basis to assume jurisdiction under its rules. Tr. 679. The ALJ's decision became the final decision of the Commissioner. Tr. 679–681. Turner timely filed a civil action in this Court. R. 2.

Plaintiff, who was 45 years old at the time of the May 2008 hearing, currently alleges an inability to work beginning on March 24, 1998, due to a neck and back injury incurred on the job. R. 15 at 3–4. Turner has past relevant work experience as a truck driver and construction laborer, both of which require medium to very heavy, unskilled and semiskilled work. Tr. 712, 717. At the hearing, Turner testified that he suffers from frequent pain in his neck and his right arm. Tr. 794. He testified that he suffers from frequent, severe headaches. Tr. 805. Finally, Turner testified that he is depressed, is prone to uncontrollable crying episodes, and is unable to concentrate when reading. Tr. 804.

Physician opinions also indicate that Turner suffered neck pain. Turner received treatment from his rehabilitation physician, Dr. Nickerson, until August 2005. Tr. 713, 717. In May 2007, Turner sought medical attention from Dr. Cesar Agtarap and the physical examination revealed no significant abnormalities. Tr. 713–14. State agency experts reviewed Turner's medical record, concluding that Turner could perform work "not requiring lifting and carrying more than 20 pounds occasionally or 10 pounds frequently; sitting, standing, or walking more than 6 hours each out of an 8 hour day . . . and no concentrated exposure to vibration." *Id.*

Following the hearing on September 25, 2005, the ALJ issued an unfavorable decision, finding that Turner was not disabled, and therefore, not entitled to DIB. Tr. 719. Following remand

and a new ALJ decision, the Appeals Council declined to review the ALJ's decision on October 8, 2008, at which point the ALJ's decision became the final decision of the Commissioner. Tr. 679. Turner filed the instant action on December 5, 2008. R. 2. The parties have filed cross motions for summary judgment, *see* R. 15; R. 17.

## DISCUSSION

Among other things, Turner argues that the ALJ improperly discounted the opinions of his treating physician. R. 15 at 20. Because the ALJ failed to indicate what weight, if any, he gave the treating physician's opinion, this Court reverses and remands.

The Social Security "regulations require the ALJ to 'always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion.'" *Blakley v. Comm'r of Soc. Sec.*, __F.3d__, No. 08-6270, 2009 WL 3029653 at *7 (6th Cir. Sept. 24, 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). The good reasons "must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers *the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight*." *Blakley*, 2009 WL 3029653, at *7 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5) (emphasis added). It is not enough for the ALJ to simply discount the treating physician's opinion. The ALJ must explain the weight, if any, he gave to the treating physician's opinion and why. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007) (holding that failure to follow the "procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record").

ALJ Letchworth explained he would not give the August 2005 opinion of Turner's treating

physician, Dr. Nickerson, controlling weight: "I decline to give the latest assessment great weight." Tr. 717. Specifically, the ALJ found the opinion was not supported by objective medical findings and was inconsistent with other physician opinions. *See* Tr. 714, 717, 740. While this finding may have been perfectly adequate, the ALJ was still required to assign the treating physician's opinion a weight–even if that weight is zero–and explain his reasoning for doing so. *See Rogers*, 486 F.3d at 246 (stating that the "required explanation . . . is directed to explaining not just why these opinions do not warrant controlling weight, but should also explain what weight was given the treating opinions"). He did not do this.

By failing to articulate the weight, the ALJ did not meet the requirements of 20 C.F.R. § 416.927. *See id.* (citation omitted). Since without this explanation, this Court cannot provide a meaningful review, the case must be remanded. *See Blakley*, 2009 WL 3029653, at *7 (finding the court could not engage in meaningful review without "sufficiently specific" reasoning); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Importantly, the Court is not deciding the merits of Plaintiff's complaint, rather it is simply requesting more information from the ALJ so that it can provide meaningful review of Plaintiff's arguments. *See Blakley*, 2009 WL 3029653, at *10.

## III. CONCLUSION

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment, R. 15, is **GRANTED to the extent it seeks a remand for more reasoning.**

(2) Defendant's Motion for Summary Judgment, R. 17, is **DENIED**; and,

(3) The administrative decision of the Commissioner of Social Security ("Commissioner") is **REVERSED** and this action is **REMANDED**.

This the 9th day of October, 2009.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Amul R. Thapar*** AT
**United States District Judge**