UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOHN C. TURNER, | ) |
| Plaintiff, | ) Civil Action No. 08-391 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, | ) **& ORDER** |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court previously denied the plaintiff, John Turner's, motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). *Turner v. Astrue*, No. 08-391, 2010 WL 3636145 (E.D. Ky. Sept. 14, 2010). Because Turner was not contractually obligated to pay his attorney when the Court remanded his case to the Commissioner of Social Security, the Court held that Turner had not "incurred" attorney's fees and therefore was not entitled to an EAJA award. *Id.* at *10. Turner filed a motion to alter, amend, or vacate the Court's Order under Rule 59(e) of the Federal Rules of Civil Procedure. R. 43. Turner argues that the Court's legal analysis was flawed and that the Commissioner's subsequent decision awarding him disability benefits triggered his legal obligation to pay his attorney, thereby causing him to incur attorney's fees and entitling him to an EAJA award. The defendant, the Commissioner of Social Security, responded. R. 48. Because the Court's legal analysis was correct and the Commissioner's decision awarding Turner disability benefits is not "newly discovered evidence," Turner's motion will be denied.

## DISCUSSION

A court may alter or amend an order under Rule 59(e) based on: "(1) a clear error of law; (2) newly discovered evidence ; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Turner's Rule 59(e) motion invokes two of these grounds. First, Turner argues that the Court made a clear error of law in holding that he had not incurred attorney's fees and therefore was not entitled to an EAJA award. Second, Turner argues that he did in fact incur attorney's fees under the Court's analysis because the Commissioner awarded him disability benefits on August 5, 2010, thereby triggering his contractual obligation to pay his attorney. Although he does not say so explicitly, Turner's second argument must be that the Commissioner's decision awarding him benefits constitutes newly discovered evidence. Neither of Turner's two arguments justify altering the Court's Order.

### I. The Court's Legal Analysis Was Correct

Turner raises several objections to the Court's legal analysis. None of them are grounds for altering the Order. First, Turner argues that the Court's holding defies the Supreme Court's decisions in *Shalala v. Schaefer*, 509 U.S. 292 (1993), and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Turner is incorrect. In *Schaefer*, the Court held that remanding a case under sentence four of 42 U.S.C. § 405(g) makes a claimant a "prevailing party" for purposes of the EAJA. 509 U.S. at 300-01. And in *Melkonyan*, the Supreme Court clarified that the "final judgment" mentioned in the EAJA can only be the final judgment of a court, not an agency. 501 U.S. at 94-95. This Court's opinion was not to the contrary. This Court recognized that remanding his case

to the Commissioner under sentence four made Turner a prevailing party. *Turner* at *3, *15. But to receive an EAJA award the litigant must both be a prevailing party *and* he must incur attorney's fees. *See* 28 U.S.C. § 2412(d)(1)(A). This Court's opinion turned on the "incur" requirement, about which *Schaefer* and *Melkonyan* had nothing to say. Therefore, this Court's legal analysis was not contrary to Supreme Court precedents. Much to the contrary, Supreme Court precedents *compelled* the Court's strict construction of the EAJA. *Turner* at *3-4 (citing *Lane v. Pena*, 518 U.S. 187 (1996); *Ardestani v. INS*, 502 U.S. 129 (1991); *Library of Cong. v. Shaw*, 478 U.S. 310 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983)).

Turner next argues that the Court's decision will undermine the ability of many Social Security claimants to secure representation to challenge the Commissioner's denial of benefits in federal court. The Court shares Turner's concern, as the Court enunciated at great length in its opinion. *See Turner* at *14-15. But adverse practical consequences cannot change the Court's obligation to faithfully interpret the EAJA. "'Whatever temptations the statesmanship of policy-making might wisely suggest,' the judge's job is to construe the statute—not to make it better." *Jones v. Bock*, 549 U.S. 199, 216 (2007) (quoting Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum. L. Rev. 527, 533 (1947)). Fixing the statute is Congress's job, not the Court's.

Lastly, Turner urges the Court to defer to the Commissioner's longstanding practice of supporting EAJA awards for Social Security claimants who secure sentence-four remands but are not awarded benefits. Indeed, the Commissioner urges this very position in response to Turner's Rule 59 motion. R. 48. The Commissioner maintains "that a plaintiff incurs attorney

fees under the EAJA when a contingency-fee agreement contains an express or implied obligation for the plaintiff to pay his counsel any attorney fee recoverable from the Commissioner and a court remands the case under sentence four." *Id.* at 4. The Commissioner's interpretation of the EAJA is not entitled to deference. Agencies receive deference for their interpretations of their *own* statutes. *See United States v. Mead Corp.*, 533 U.S. 218, 228 (2001). The EAJA is not the Commissioner's own statute. The EAJA provides litigants in *all* types of litigation with the United States the opportunity to recover attorney's fees in certain circumstances. And because the EAJA is a waiver of the United States' sovereign immunity, the Court has an independent obligation to make sure that the Commissioner's interpretation is accurate. *See Turner* at *3 (citing *United States v. Shaw*, 309 U.S. 495, 501 (1940)). Sovereign immunity, after all, belongs to the people. It protects public tax dollars from being subjected to the expense of legal liability without the express and unmistakable consent of the people's representatives. Even though the Commissioner urges the Court to conclude that Turner has incurred attorney's fees and should receive an EAJA award, the Court will not, in the name of deference, shunt its responsibility to faithfully interpret the statute.

Therefore, Turner is incorrect that the Court's order denying his application for attorney's fees under the EAJA was based on a clear error of law. His Rule 59 motion on this ground will be denied.

## II. The Commissioner's Decision Awarding Turner Disability Benefits Is Not Newly Discovered Evidence

Turner next argues that he has "incurred" attorney's fees because the Commissioner awarded him disability benefits on remand, triggering his contractual obligation to pay his

attorney. Turner attaches a copy of the Commissioner's decision to his Rule 59 motion. R. 43, Attach. 2. Turner is brining the Commissioner's decision to the Court's attention far too late in the game.

Under Rule 59, the Court will only alter or amend its judgment if a party presents "newly discovered evidence." *Leisure Caviar*, 616 F.3d at 615. The Commissioner's decision does not qualify. Turner received the decision on August 11, 2010—more than a month before the Court entered its judgment denying Turner's motion for EAJA fees on September 14, 2010. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "[E]vidence is 'unavailable,' so as to justify its late submission by way of a motion under Rule 59(e), only if it could not, in the exercise of reasonable diligence, have been submitted before." *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995).

The Commissioner's decision was not previously unavailable. Turner had it in his hands for more than a month before the Court issued its judgment. Turner was on notice that the Commissioner's decision would be highly relevant to the issues before the Court. The Court ordered briefing from both parties on the question of whether Turner "actually 'incurred' any fees at all given the structure of the contingency agreement." R. 29 at 1-2 (citing *Murkeldove v. Astrue*, 635 F. Supp. 2d 564, 573-74 (N.D. Tex. 2009)). Both parties filed the requested briefs. R. 35, 40. Turner should have filed the Commissioner's decision as soon as he received it. If he had done so, the Court gladly would have considered it in its analysis. But now that the Court has issued its judgment, the interests of finality assume great weight. Parties cannot use

Rule 59 motions to raise arguments or present evidence "which could, and should, have been made [or presented] before judgment issued." *Leisure Caviar*, 616 F.3d at 616 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The Court will not allow parties to "use the court as a sounding board to discover holes in their arguments" and then "reopen the case" by submitting evidence already in their possession "to take account of the court's decision." *Id.* (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)).

Consider a recent case from the Fourth Circuit. In *Bogart v. Chapell*, 396 F.3d 548 (4th Cir. 2005), the plaintiff brought a § 1983 action alleging that state and county officials violated her procedural due process rights by euthanizing pets found on her property. *Id.* at 553. The district court granted the defendants' motion for summary judgment on the ground that the § 1983 claim was not viable under the *Parratt/Hudson* doctrine. *Id.* at 553-54. Under the *Parratt/Hudson* doctrine, a plaintiff cannot claim under § 1983 that random and unauthorized actions by state officials violate procedural due process because it would be impossible to require the state to hold a pre-deprivation hearing in such a case. *Id.* at 551. All of the evidence before the court indicated that the officials had violated established policy when they ordered the euthanizations. After the district court granted summary judgment in favor of the defendants, the plaintiff filed a Rule 59 motion and included a county policy which purportedly authorized the euthanizations in question. *Id.* at 554. The district court denied the plaintiff's Rule 59 motion on the ground that the policy was not "newly discovered evidence," and the Fourth Circuit agreed. *Id.* The plaintiff had the evidence in her possession while the Court was considering the summary judgment motions and simply failed to submit it. The Fourth Circuit

declared that it would "not reverse a court's refusal to consider new evidence in support of a Rule 59(e) motion where the movant presented no legitimate justification for failing to timely submit the evidence and had advance notice of the . . . issues." *Id.* at 558.

*Bogart* is very similar to this case. Turner, like the plaintiff in *Bogart*, had potentially dispositive evidence in his hands before the Court issued its judgment. Turner, like the plaintiff in *Bogart*, had ample notice of the issues that the Court was considering. And Turner, like the plaintiff in *Bogart*, failed to provide any justification for his failure to submit the Commissioner's decision to the Court before the Court issued its Order. Accordingly, Turner, like the plaintiff in *Bogart*, will not be given an opportunity to reopen this case. Because the Commissioner's decision is not "newly discovered evidence," Turner's motion to alter or amend the Court's Order under Rule 59(e) will be denied.

## CONCLUSION

For these reasons, it is **ORDERED** that Turner's motion to alter, amend or vacate the Court's Order, R. 43, is **DENIED**.

This the 1st day of November, 2010.

Signed By:
*Amul R. Thapar* AT
United States District Judge